# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| EVA M. MOSLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:15-cv-141 (WLS) |
| DONALD KNIGHTON *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are two Motions to Dismiss (Docs. 25, 29), which together seek to dismiss Plaintiff Eva Mosley's claims against Defendants Timothy Hogg, D. Knighton, and Dan McMullen. Mosley's claims against Jane or John Doe and John Doe, Gang Task Force Officer also remain pending. (*See* Doc. 23.)   For the following reasons, all of Mosley's remaining claims are **DISMISSED WITH PREJUDICE** for her failure to prosecute the case diligently and her refusal to obey the Court's orders. Defendant Hogg's Motion to Dismiss (Doc. 29) is **DENIED AS MOOT**, and Defendants Knighton and McMullen's Motion to Dismiss (Doc. 25) is **DENIED**.

## I.    Procedural History

*Pro se* Plaintiff Eva Mosley filed a Complaint and Motion for Leave to Proceed *in Forma Pauperis* in the above-styled action on August 13, 2015. (Docs. 1, 2.) That complaint was very similar to a previous one filed by Mosley, which was ultimately dismissed by the Court due to Mosley's failure to prosecute the case. Order, *Mosley v. Proctor et al.*, No. 1:14-cv-171-WLS (M.D. Ga. Nov. 7, 2014), ECF No. 21. In the above-styled case, the Court granted Mosley leave to proceed *in forma pauperis*. (Doc. 4.) On December 15, 2015, the Court held a scheduling and discovery conference at which Mosley failed to appear. The Court issued a Scheduling and Discovery Order on December 21, 2015. (Doc. 21.) The Court also issued an Order reminding Mosley of her duty to prosecute the case, stating that Mosley's prosecutorial responsibilities included "cooperating fully during the discovery process in accordance with the Federal Rules of Civil Procedure." (Doc. 22 at 1.) The Court further

explained to Mosley that if she did not hire an attorney, she would be responsible for "being present at and prepared to represent herself at each and every Court appearance and deposition that she is required to attend . . ." (*Id.* at 1-2.)

On March 10, 2016, the Court granted-in-part and denied-in-part Defendants' Motion to Dismiss, dismissing Mosley's claims against several Defendants and ordering Mosley to file an amended complaint as to her claims against Defendant Hogg no later than April 1, 2016. (Doc. 23.) Mosley never filed her amended complaint as ordered. (*See* Docket.)

The Defendants then filed the now-pending Motions to Dismiss. (Docs. 25, 29.) The Court provided Mosley notice of the pending motions to dismiss, ordered her to respond to Defendants Knighton and McMullen's Motion no later than April 29, 2016 and to Defendant Hogg's Motion no later than May 2, 2016, and notified her of the potential consequences of failing to respond. (Docs. 28, 30.)   On April 15, 2016, Mosley filed a Motion to Appoint Counsel and Motion for Extension of Time to Respond to the Motions to Dismiss. (Doc. 31.) On April 26, 2016, the Court denied Mosley's Motion. (Doc. 34.) Mosley sought a 90 to 120-day extension of time to respond to the motions to dismiss so that she could attempt to retain an attorney. (Doc. 31.) In denying her motion, the Court noted that the above-styled case had been pending for approximately eight months and that Mosley's previous case, No. 1:14-cv-171-WLS, was filed approximately a year and a half earlier. (Doc. 34 at 1-2.) The Court found that Mosley had ample time to search for an attorney to represent her in this matter and that further delay of this litigation was not in the interest of justice. (*Id.*) Mosley did not file a response to Defendant Hogg's Motion to Dismiss. (*See* Docket.) The Court construes Mosley's motion filed on April 15, 2016 (Doc. 31) as a response to Defendants Knighton and McMullen's Motion to Dismiss.

## II.    Dismissal of Claims for Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  A court may also dismiss an action for a plaintiff's failure to prosecute *sua sponte* via the inherent powers "vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  Because dismissal with prejudice is such a drastic sanction, a court may only order dismissal when "(1) a party engages in a clear pattern of delay or willful contempt

2

(contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Fam. Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).

Mosley failed to appear for a scheduling and discovery conference and was noticed by the Court of her responsibility to prosecute her case in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court. (Doc. 22.) Mosley failed to amend her complaint as ordered by the Court. (Doc. 23; *see also* Docket.) Mosley was provided notice of Hogg's pending Motion to Dismiss, ordered to respond, and notified that her failure to do so could result in "sanctions or a **FINAL** judgment" against her."  (Doc. 30.) Yet, Mosley failed to file a response. (*See* Docket.) And Mosley refused to participate in a scheduled deposition in violation of the Court's Orders. (Docs. 22, 25, 27.)  Furthermore, Mosley's previous case, No. 1:14-cv-171-WLS, which alleged many of the same facts alleged in this case, was dismissed without prejudice by the Court for failure to prosecute.

Mosley has been provided ample notice of the consequences of failing to prosecute her case diligently and refusing to comply with Court orders. The Court finds that Mosley has willfully failed to prosecute her case and to comply with Court orders and the Federal Rules of Civil Procedure and Local Rules. Mosley's actions in this case and her prior case, 1:14-cv-171-WLS, evidence a "clear pattern of delay." The Court further finds that no lesser sanction will suffice here and that a hearing is unnecessary, particularly given the fact that Mosley has been informed of the consequences of failing to prosecute her case and comply with Court orders and rules. *See Link*, 370 U.S. at 632-33 ("Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void . . . Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion."). For those reasons, Mosley's claims against all remaining Defendants are **DISMISSED WITH PREJUDICE**. Defendant Hogg's Motion to Dismiss (Doc. 29) is therefore **DENIED as moot**.

## III.   Defendants Knighton and McMullen's Motion to Dismiss (Doc. 25)

Defendants Knighton and McMullen have moved to dismiss Mosley's claims against them as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v). (Doc. 25-1.) Knighton and McMullen allege that Mosley refused to participate in a scheduled deposition

and thus disobeyed the Court's Scheduling and Discovery Order. (Doc. 25-1 at 3.)   Rule 37(b)(2)(A) provides, "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . the court where the action is pending may issue further just orders." Among the permitted sanctions for refusing to obey a discovery order is dismissal of the action in whole or in part, which Knighton and McMullen seek. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal with prejudice as a sanction under Rule 37 is disfavored, "[b]ut . . . may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

Fed. R. Civ. P. 37(b)(2)(C) provides that instead of or in addition to any of the permissible sanctions for disobeying a discovery order, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Defendants Knighton and McMullen have also moved the Court to award attorney's fees and costs incurred in connection with the attempted deposition and having to file their motion to dismiss. (Doc. 25-1 at 5.) Because attorney's fees and costs are mandatory if Knighton and McMullen's Motion to Dismiss is granted, the Court specifically considers whether sanctions under Rule 37 are warranted.

Knighton and McMullen allege that Mosley appeared for a scheduled deposition on March 29, 2016 but refused to be deposed without consulting with an attorney. (Docs. 25-1 at 3; 27 at 5-6.) Additionally, Knighton and McMullen state that Mosley was accompanied at the deposition by a man named Ricky, who is presumably not Mosley's attorney. (Doc. 25-1 at 3.)  In response, Mosley states,

> I thought that an advocate or non[-]attorney could not be present in the actual court proceeding excluding deposition hearings. Because of such conflict[ing] instructions I had an advocate/non[-]attorney person present as a witness not as legal counsel. It was not done in contempt of this court and I ask[] that the court forgive the actions or any misinterpretations.

(Doc. 31 at 1.)

The Court's instructions to Mosley have not been conflicting. In fact, the Court explicitly informed Mosley that "she may only be represented by herself or a licensed attorney; a non-attorney may not speak on her behalf or serve as her advocate or counsel

during depositions . . . ." (Doc. 22 at 1-2.) However, the Court finds that dismissal based solely on Mosley's refusal to participate in the deposition is not warranted, particularly where Knighton and McMullen did not file a motion to compel her deposition. The Court therefore **DENIES** Knighton and McMullen's Motion to Dismiss under Rule 37 (Doc. 25).

## IV.    Conclusion

For the reasons stated herein, the Court **DISMISSES WITH PREJUDICE** all of Plaintiff Mosley's remaining claims due to her failure to prosecute. The Court finds that no lesser sanction will suffice. The Court **DENIES AS MOOT** Defendant Hogg's Motion to Dismiss (Doc. 29) and **DENIES** Defendants Knighton and McMullen's Motion to Dismiss (Doc. 25).

**SO ORDERED**, this 17th day of May, 2016.


**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**